FIDELITY & CASUALTY COMPANY OF NEW YORK V. EMMA F.
ALLIBONE.

Decided April 29, 1897.

1. Practice in Supreme Court.

The Supreme Court, upon presentation of an application for writ of error not yet granted, has no power to accept a remittitur entered with a view to eliminate error in the judgment; such remittitur must be entered in Court of Civil Appeals. (P. 661.)

2. Same—Case Distinguished.

The present case distinguished from Railway v. Ellis, Supreme Court U. S., Feb. 15, 1897, as to constitutional questions involved. (P. 661.)

3. Constitutional Law.

The statute of the State of Texas making insurance companies liable for penalty and attorney's fee (Rev. Stats. art. 3071) is not void as being in contravention of sec. 1 of the Fourteenth Amendment to the Constitution of the United States. (P. 661.)

ERROR to Court of Civil Appeals, Second District, in an appeal from Tarrant County.

Suit by Emma F. Allibone, to recover from the Fidelity and Casualty Insurance Company upon a policy of accident insurance on the life of her husband. The policy contained the following provision: "Unless affirmative proof of death * * * is furnished within seven months, and any legal proceeding for recovery hereunder is begun within one year from the time of such accident, all claims based thereon shall be forfeited to the company; but no legal proceeding hereunder shall be brought within three months after receipt of such proof at this office. The insured lost his life by being shot, on August 23, 1891. A suit was commenced on the policy May 4, 1892, in the United States Circuit Court for the Northern District of Texas, and was dismissed for want of jurisdiction in February, 1893. This suit was commenced in the District Court of Tarrant County, February 3, 1893. A previous judgment for defendant therein was reversed on appeal by the Court of Civil Appeals (32 S. W. Rep., 569.) On a second trial plaintiff recovered judgment. Defendant appealed and, the judgment being affirmed (39 S. W. Rep., 632), applied to the Supreme Court for a writ of error.

*Crawford & Crawford* and *Humphreys & McLean,* for petitioner.—The writ of error was sought upon the following grounds:

1. The court erred in holding that "either the suit in the Federal Court was a literal compliance with the terms of the condition (in the policy requiring suit to be brought within a year after the death of the insured) or the present suit substantially met its requirements." Because the suit in the Federal Court, having been dismissed for want of jurisdiction, in no respect was a compliance with said provision. The legal proceedings mentioned in the policy, which must be commenced within a year from the death of the insured, is the suit which is prosecuted to judgment. And because the present suit was filed at a date more than one

year after the death of the insured, under the terms of the contract of insurance the right of action on the policy was forfeited.

Second.   The court erred in holding, in accordance with the opinion rendered on a former appeal in this case, that the year within which this suit was required to be commenced did not begin from the date of the death of the insured, but from the expiration of the three months after furnishing proof of death because the contract of insurance plainly provides that suit shall not be maintainable after the expiration of the year succeeding the death of the insured; and, further, that the proof of loss, and the bringing of the suit, and the allowance of the three months after proof of loss before commencement of suit, were, by the contract, all required and agreed to be performed within the year after the death of the insured; and because there was no waiver of said condition as to the time within which suit was required to be brought, and the jury did not find that there was such waiver, or that the condition was unreasonable.

Third.   The court erred in affirming the judgment of the court below as to that part of said judgment which adjudged to plaintiff twelve per cent on the amount of the policy as statutory damages, and the sum of two thousand dollars as attorney's fee; because the Statute of the State of Texas providing for such damages and attorney's fees is in conflict with and violative of section one, article fourteen, of the amendments to the Constitution of the United States.   Said statute imposes on life insurance companies doing business in this State the burden of said damages and attorney's fees, under certain circumstances therein named, whilst no such provision of law is applicable to any other persons or bodies, thereby denying to such companies the equal protection of the laws; and said statute compels life insurance companies to pay said damages and attorney's fees, even in cases where said companies in good faith refuse to pay claims for losses, believing and having reason to believe they have good, valid, and legal defenses to such claims, and are not liable for such losses, thereby depriving them of their property without due process of law.   Railway v. Ellis, U. S. Sup. Ct., Feb. 15, 1897.

Fourth.·   The court erred in holding that the claim for said statutory damages and attorney's fee was not barred by the statute of limitations of two years, and said contract of limitations contained in the policy of insurance.   The claim for said damages and attorney's fee was first made in plaintiff's amended original petition, filed on the 15th of February, 1894, which was more than two years after the accrual of the cause of action, and more than two years after the death of the insured.

No briefs have reached the Reporter.   .

GAINES, CHIEF JUSTICE.—Since the filing of the application for the writ of error in this case counsel for the appellee, desiring as he says to eliminate the federal question involved, has offered to remit in this court so much of the recovery as was given for attorneys' fees and damages under the statute.   While, upon presentation of an application, we have jurisdiction to determine whether or not the writ of error should be grant-

ed, we have no jurisdiction over the case, until the writ be granted. Hence, at this stage of the proceedings we have no power to accept a remittitur, entered with a view to eliminate error in the judgment. Taking the case as presented upon the application, without reference to the attempted remittitur, we find no error in the proceedings or judgment. As to the constitutional question we agree with the Court of Civil Appeals in holding that it is distinguishable from that passed upon by the Supreme Court of the United States in Railway Company v. Ellis, U. S. Sup. Ct. advance sheets No. 7, p. 284.

If appellee still desires to eliminate the federal question by filing a remittitur, she must remit in the Court of Civil Appeals.

The application for the writ of error is refused.